IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01975-BNB

KENT FRENCH,

    Plaintiff,

v.

WARDEN SCF,
LT. FITZGERALD, SCF, and
SGT. THODE, SCF,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

Plaintiff, Kent French, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. French has filed two Prisoner Complaint forms in this case asserting claims pursuant to 42 U.S.C. § 1983. Although Mr. French names the same Defendants in each complaint, he sets forth claims that are somewhat different. The Court must construe the Complaints liberally because Mr. French is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. French will be ordered to file one Amended Complaint that includes all the claims Mr. French asserts in both Complaint forms.

The Court has reviewed both Complaints filed by Mr. French and finds that the Complaints do not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure, because the claims are conclusory and fail to state a proper basis for relief. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. French is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Mr. French fails to set forth a statement of his claims showing that he is entitled to relief. Therefore, Mr. French will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8.

Mr. French also should take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. French must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory

2

position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. French is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what **specific legal right** they violated. **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also notes that Mr. French has printed "Habeas Corpus 28 § 1915" on the caption page of each Prisoner Complaint form. The claims Mr. French asserts in the complaint forms challenge the conditions of his confinement and do not challenge the validity of his conviction or the execution of his sentence. Therefore, the action is not properly brought as a federal habeas corpus action and reference to "habeas corpus" in the caption of the Complaint is improper.

Mr. French also has failed to properly complete Section "E. Previous Lawsuits" of the complaint form. Mr. French has simply written "Numerous" in the space provided under Section E. rather than responding to the question asking him to identify the different cases he has filed in any federal or state court with all the information that is requested. Mr. French is instructed to provide the information requested under Section E., and if necessary use additional pages to list the cases he has filed. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. French file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. French, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. French, within the time allowed, fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED August 28, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01975-BNB

Kent French
Prisoner No. 112709
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/28/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk